**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**CIVIL NO. _____**

**CHRISTOPHER SZAFRAN, JOSEPH BOYLE,
SERVANDO VILLAVICENCIO and KASHAYLA UNIS,
Individually and On Behalf of All Others Similarly Situated,**

**Plaintiffs,**

**V.**

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY INC.
d/b/a GEICO,**

**Defendant.**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT & JURY DEMAND**

Plaintiffs Christopher Szafran, Joseph Boyle, Servando Villavicencio, and Kashayla Unis ("Plaintiffs") bring this lawsuit on behalf of themselves and other similarly situated individuals against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and applicable Colorado law provisions.

## INTRODUCTION

1.      Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), individually and on behalf of all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA (hereinafter "putative Collective Members").

2.      Plaintiffs also bring this lawsuit as a class action pursuant to the Colorado Wage Claim Act, C.R.S.A. § 8-4-101, *et seq.* and Colorado Overtime and Minimum Pay Standards Orders, on behalf of themselves and all other persons similarly situated who suffered damages as a result of Defendant's violations of Colorado law (hereinafter "putative Class Members").

3.      Plaintiffs are former non-exempt, hourly employees who worked as Auto Claim and/or Damage Adjusters for GEICO in Colorado. In that role, Plaintiffs investigated insurance claims to ascertain the extent of any liability on behalf of Defendant, which furnishes car insurance.

4.      Plaintiffs seek to represent other current and former non-exempt, hourly employees of Defendant who work or worked as Auto Claim and/or Damage Adjusters, including comparable roles with different titles (collectively "Adjusters"), in Colorado.

5.      As more fully described below, during the relevant time periods, Defendant has engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA and Colorado law.

6.      Plaintiffs and putative Collective and Class Members perform off-the-clock work for which they are not adequately compensated. Specifically, Plaintiffs and putative Collective Members must complete a certain number of claims or inspections per day (their "required quota"), and pressure from GEICO to meet these quotas within allotted paid hours per day often causes Plaintiffs and putative Collective and Class Members to start working while off-the-clock before they are scheduled to begin the workday and after they are scheduled to end their shift, and during unpaid meal breaks.  Failure to meet the quota within the allotted hours in a day results in negative implications for the performance metrics of Plaintiffs and putative Collective Members, including compensation ramifications and/or disciplinary action. Plaintiffs and putative Collective Members are also required to work off-the-clock to attend meetings outside of their scheduled shifts and without pay.

7.      Because of these issues, Defendant does not pay Plaintiffs and putative Collective and Class Members for all hours worked, including minimum wage and overtime. The hours that

Defendant requires Plaintiffs and putative Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA.

8.      To the extent that Plaintiffs and putative Collective and Class Members regularly work in excess of forty hours per week, this off-the-clock work should be compensated at overtime rates. However, Defendant fails to pay Plaintiffs and the putative Collective and Class Members for any of this work performed, including the required overtime premiums, in violation of the FLSA.

9.      Defendant's conduct violated and continues to violate Colorado state law because Colorado Wage Claim Act, C.R.S.A. § 8-4-101, *et seq.* and Colorado Overtime and Minimum Pay Standards Orders (COMPS Orders) require at least minimum wage for all hours worked. Moreover, for hourly employees like Plaintiffs and the putative Class Members, hours worked in excess of forty per week must be paid at a rate of one and one-half times the hourly rate. Defendant's conduct further violated and continues to violate Colorado's requirement that all wages be paid upon separation of employment.

10.     In addition, Defendant routinely refuses to authorize, permit, and/or make available full, timely, uninterrupted thirty-minute meal periods as required by Colorado law. Instead, Plaintiffs and putative Collective and Class Members regularly work past the fifth hour of work without the opportunity to take a meal break. Even when they do receive some form of timely meal break, it is often interrupted as Plaintiffs and putative Collective and Class Members are encouraged and often required to perform work during their break, and thus that working time is uncompensated.

11.     Defendant likewise routinely refuses to authorize or permit Plaintiffs and putative Collective and Class Members to take ten-minute rest periods as required by Colorado law.

12.     As a result of the above violations, Defendant fails to provide Plaintiffs and putative Collective and Class Members with accurate, itemized wage statements.

13.     Plaintiffs seek full compensation and relief on behalf of themselves and putative Collective and Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest

periods, waiting time penalties, and premium pay. Plaintiffs also seek declaratory and injunctive relief, including restitution.  Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA and Colorado law.

## **PARTIES**

14.     Plaintiff Christopher Szafran worked for Defendant as a non-exempt, hourly paid Adjuster in the Denver area from July 2018 to June 2019.

15.     Plaintiff Servando Villavicencio worked for Defendant as a non-exempt, hourly paid Adjuster in Colorado Springs from July 2017 to July 2018.

16.     Plaintiff Joseph Boyle worked for Defendant as a non-exempt, hourly paid Adjuster in Englewood from September 2017 to December 2018.

17.     Plaintiff Kashayla Unis worked for Defendant as a non-exempt, hourly paid Adjuster in the Denver area from November 2017 to September 2018.

18.     Plaintiffs' duties as Adjusters included inspecting vehicles for collision and comprehensive damages; customer service via the phone or in-person engagement; submitting claims on behalf of individuals for vehicle repairs; submitting online forms in real time; and issuing checks on behalf of GEICO for insurance payouts.

19.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiffs regularly worked more than 40 hours in a workweek but were not compensated for all overtime hours worked.

20.     Plaintiffs are over eighteen years of age and were residents of the State of Colorado at all relevant times described herein.

21.     Plaintiffs' written consent to join this action is attached as Exhibit A.

22.     The putative Collective members are people who are or who have been employed by Defendant as Adjusters in Colorado within the three years preceding the filing of this Complaint.

23.     The putative Class members are all people who are or who have been employed by Defendant as Adjusters in the State of Colorado within the three years preceding the filing of this Complaint.

24.     Defendant GEICO is a Maryland corporation. On information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc., and its headquarters are located at 5260 Western Avenue, Chevy Chase, Maryland, 20815. Defendant does business throughout the United States, including in Colorado.

25.     In addition to Plaintiffs, Defendant has employed numerous other employees, who like Plaintiffs, are non-exempt workers engaged in interstate commerce. Further, Defendant is engaged in interstate commerce because it conducts business with customers across state lines.

26.     At all relevant times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

27.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

28.     Plaintiffs and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

29.     At all relevant times, Defendant has done business under the laws of Colorado, has places of business in the State of Colorado, including in this judicial district, and has employed Putative Class Members in this judicial district. Defendant is an "employer" as that term is used in the Colorado Wage Claim Act and Colorado Overtime and Minimum Pay Standards Orders.

## SUBJECT MATTER JURISDICTION AND VENUE

30.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Colorado law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

31.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in this State and within the geographic area encompassing this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant is subject to personal

jurisdiction in this district. At all times material hereto, Plaintiffs and putative Collective and Class Members were/are employed by and performed or perform job duties for the Defendant within this district and within the jurisdiction and venue of this Court.

## FACTS

32.     Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including Colorado.

33.     Plaintiffs and putative Collective and Class Members are current or former Adjusters in Colorado. The duties of Adjusters, such as Plaintiffs, include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to access vehicle damage.

34.     As Adjusters, Plaintiffs and putative Collective and Class Members are expected to meet GEICO's required quota of processing or working on at least ten claims or inspections per day and as many as thirty customer calls per day. Plaintiffs are informed, believe, and thereon allege that the policies and practices of Defendant have at all relevant times been similar for Plaintiffs and the putative Collective and Class Members, regardless of location in Colorado.

35.     While working for Defendant, Plaintiffs and putative Collective and Class Members are scheduled to work approximately seven and a half hours per day, five days a week, for a total of approximately 37.5 hours per week. Plaintiffs and putative Collective and Class Members work these scheduled hours. However, Plaintiffs and putative Collective and Class Members are regularly required by GEICO management to work additional hours beyond this scheduled time while off-the-clock and without receiving compensation. Plaintiffs and putative Collective and Class Members typically work eight and a half to ten hours per day to fulfill the required workload and do not receive pay for all time worked in violation of the FLSA. For numerous workweeks during their employment by GEICO, Plaintiffs and putative Collective and Class Members worked off-the-clock and without compensation during overtime hours.

36.     GEICO disincentivizes Plaintiffs and putative Collective and Class Members from reporting this off-the-clock or unrecorded time because reporting such time would negatively impact Plaintiffs and putative Collective and Class Members' productivity metrics and evaluations. If an employee does not meet the required quota of claims, inspections and/or customer calls, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities.

37.     In some instances, Plaintiffs and putative Collective and Class Members begin the workday one hour prior to the start of their scheduled shifts to perform work activities which include, among other tasks, handling claims and calling customers and repair shops. This time worked is unpaid. Moreover, under Defendant's company-wide practice, Defendant requires Plaintiffs and putative Collective and Class Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendant knows or should know that work is being performed on its online system without compensation.

38.     Plaintiffs and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following up on customer calls. These tasks are completed while being logged into Defendant's online system and are tracked in real time. Plaintiffs and putative Collective and Class Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

39.     Defendant also requires Plaintiffs and putative Collective and Class Members to work off-the-clock to attend meetings, outside of their scheduled shifts and without pay.

40.     Plaintiffs and putative Collective and Class Members use their personal vehicles to travel to semi-annual conference meetings. Travel time as well as the time spent at the conference meetings is also unpaid.

41.     In addition to claims and/or inspections quotas, Defendant utilizes a call rating system to rate call volume and efficiency in answering customer calls. As a result, Plaintiffs and putative Collective and Class Members take customer calls before, during, and after scheduled

shifts and must bring their cell phones to their unpaid meal breaks as a means of keeping the call answer rate high.

42.     All of this time that Defendant requires Plaintiffs and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal and Colorado law, including overtime premium pay for hours worked in excess of 40 per workweek.

43.     Moreover, Defendant routinely denies timely and compliant off-duty meal rest periods for two primary reasons: (1) Defendant does not authorize, permit, and/or make available timely meal and rest breaks for Plaintiffs and putative Collective and Class Members; and (2) Defendant knows or has reason to know that Plaintiffs and putative Collective and Class Members are too busy with work during the day to have time to take bona fide meal and rest breaks.

44.     For example, Plaintiffs and putative Collective and Class Members are allocated a 30 to 45-minute meal break to be taken at no specific time during a shift.  But, due to Defendant's required workload and quotas, Plaintiffs and putative Collective and Class Members are often unable to take such breaks at all. Even when they do receive some form of meal break, Plaintiffs and putative Collective and Class Members are often interrupted to perform work or answer customer calls, even though they are off-the-clock in Defendant's timekeeping records. As a result, Plaintiffs and putative Collective and Class Members regularly work through unpaid time that is allocated for a meal break. Defendant knows or should know about such uncompensated work performed during unpaid meal breaks.

45.     In addition, on information and belief, Defendant and its managers routinely manipulate the timecards of these employees to make it appear that they took a timely and compliant meal break in order to avoid paying additional wages and penalties.

46.     Furthermore, Plaintiffs and putative Collective and Class Members are routinely denied off-duty rest periods for the same reasons. While Defendant denies compliant meal periods to these workers on most workdays, it virtually never provides full, timely, uninterrupted rest

periods. Instead, Plaintiffs and putative Collective and Class Members work additional time that is uncompensated.

47.     When Plaintiffs and putative Collective and Class Members experience interrupted meal and rest breaks, or do not receive these breaks at all, Defendant fails to pay them the required wages for the time worked that is otherwise required to be off-duty.

48.     Defendant maintains time records for its Adjusters throughout the United States, including in Colorado. However, those time records fail to accurately reflect all of Plaintiffs and putative Collective and Class Members' hours worked, based upon Defendant's policies and procedures described herein for requiring Plaintiffs and putative Collective and Class Members to work off the clock, during meal and rest breaks, and without compensation.

49.     As a result, Defendant does not provide Plaintiffs and putative Class Members with accurate wage statements as required by Colorado law. These workers receive wage statements that do not reflect all hours worked, pay for missed and "on duty" meal and rest breaks, and applicable overtime premiums.

50.     In addition, Defendant does not provide Plaintiffs and putative Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, overtime, and missed meal and rest breaks when their employment ends. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time penalties under Colorado law.

51.     Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class Members and throughout Defendant's operations in Colorado.  Defendant's unlawful conduct and pay practices stem from a corporate policy to limit labor expenses.

52.     Upon information and belief, Defendant has not inquired into whether it paid Plaintiffs and putative Collective and Class Members for all time worked.

53.     Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiffs and putative Collective and Class Members in an amount to be

determined at trial. Defendant did not take requisite steps to ensure that Plaintiffs and putative Collective and Class Members were paid for all time worked. Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiffs and putative Collective and Class Members did not perform work without compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring this case as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of a proposed collection of similarly situated employees defined as:

> All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including comparable roles with different titles) throughout Colorado during the time period from three years prior to the filing of the complaint until resolution of this action. (referred to herein as the "putative Collective Members" or "members of the Collective").

55.     Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

56.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

57.     Plaintiffs and putative Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock," including during meal breaks, without compensation in violation of the FLSA.

58.     The specific job titles or precise job responsibilities of each putative Collective member does not prevent collective treatment.

59.    Putative Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for "off-the-clock" work, including work performed during interrupted, on-duty, or missed meal breaks.

60.    Although Defendant permitted and/or required putative Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for such hours worked.

61.    All of the work that Plaintiffs and putative Collective Members performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and putative Collective Members performed.

62.    Putative Collective members are not exempt from receiving overtime compensation under the FLSA.

63.    Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of putative Collective members.

64.    The hours that Defendant requires Plaintiffs and putative Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA.

65.    Defendant was aware, or should have been aware, that federal wage and hour laws required it to pay Plaintiffs and putative Collective Members for all hours worked, including overtime compensation for hours worked in excess of 40 per week.

66.    Although the exact amount of damages may vary among putative Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

67.    Defendant's failure to pay Plaintiffs and putative Collective Members for all hours worked, including overtime wages, was willful.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

68. Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all putative Collective members. Defendant had a plan, policy or practice of not paying Plaintiffs and putative Collective members for work performed "off-the-clock" and during interrupted, on-duty, or missed meal breaks that are unpaid.

## RULE 23 CLASS ACTION ALLEGATIONS

69. Plaintiffs bring causes of action as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The putative Class that Plaintiffs seek to represent is defined as follows:

> All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including comparable roles with different titles) throughout Colorado during the time period from three years prior to the filing of the complaint until resolution of this action. (referred to herein as the "putative Class Members" or "members of the Class").

70. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

71. Numerosity: Defendant has employed potentially hundreds of non-exempt, hourly Adjusters during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit, making joinder impracticable. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice putative Class Members and Defendant. The identities of the putative Class Members will be determined from Defendant's records, as will the compensation paid to each of them.

72. Commonality: There are questions of law and fact common to Plaintiffs and putative Class Members that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i.   Whether Defendant failed to pay Plaintiffs and putative Class Members for all hours worked;

ii.   Whether Defendant failed to pay Plaintiffs and putative Class Members at an overtime rate for all hours worked in excess of forty in a workweek;

iii.   Whether Defendant failed to authorize and permit Plaintiffs and putative Class Members to take a bona fide and uninterrupted meal break to which they were entitled under Colorado law;

iv.   Whether Defendant failed to authorize and permit Plaintiffs and putative Class Members to take bona fide and uninterrupted rest breaks to which they were entitled under Colorado law;

v.   Whether Defendant failed to compensate Plaintiffs and putative Class Members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of Colorado law;

vi.   Whether Defendant failed to keep accurate records of employees' hours of work and wages;

vii.   Whether Defendant's policy and practice of failing to provide duty free meal periods violated Colorado law;

viii.   Whether Defendant's policy and practice of failing to pay Plaintiffs and putative Class Members all wages due upon the end of their employment violated Colorado law;

ix.   Whether Plaintiffs and putative Class Members are entitled to civil and statutory penalties;

x.   The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and putative Class Members as alleged herein; and

xi.  Whether Defendant's actions were "willful" as that term is understood in Colorado wage and hour law.

73.  <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the putative Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiffs and putative Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

74.  <u>Adequacy of Representation</u>:  Plaintiffs do not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

75.  <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

76.  In the alternative, the Class may be certified because the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

77.  If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each Class Member with Defendant's vastly superior financial legal resources.

78.     Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

<u>FIRST CAUSE OF ACTION</u>
**Violations of Fair Labor Standards Act (29 U.S.C. § 207)**
**Failure to Pay Overtime Wages**
**(Brought on behalf of Plaintiffs and the putative Collective Members)**

79.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

80.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

81.     Plaintiffs and putative Collective Members, as Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

82.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

83.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

84.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

85.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

86.     Throughout the relevant time period, Defendant expected and required Plaintiffs and putative Collective Members to be available to work and/or to be on duty during their meal breaks, and thus the meal breaks were fully compensable time.

87.     Plaintiffs also routinely performed work-related tasks before and after scheduled shifts. Upon information and belief, Defendant treated putative Collective Members similarly with respect to "off-the-clock" work.

88.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiffs and putative Collective members performed work for which they were not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiffs and putative Collective members.

89.     Defendant violated and continues to violate the FLSA by failing to pay Plaintiffs and putative Collective Members for "off-the-clock" work under 29 U.S.C. § 207. Because of these violations, Plaintiffs and putative Collective Members suffered wage losses during weeks where the total time worked exceeded forty hours.

90.     Plaintiffs and putative Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

91.     Defendant's failure to pay overtime to Plaintiffs and putative Collective Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiffs and putative Collective Members' claims.

92.     Because of Defendant's willful violation, Plaintiffs and putative Collective Members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

93.     Plaintiffs and putative Collective Members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

94.     Wherefore, Plaintiffs and putative Collective Members request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

-16-

**Violations of Colorado Wage Claim Act, § 8-4-101,** *et seq*
**Failure to Pay Overtime Wages**
**(Brought on behalf of Plaintiffs and the putative Class Members)**

95.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

96.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act ("CWCA"). At all relevant times, Defendant has employed and continues to employ "employees," including and putative Class Members, within the meaning of the CWCA.

97.     Pursuant to Colorado Overtime and Minimum Pay Standards Order (COMPS Order) No. 37 § 4.1.1, Defendant is required to pay Plaintiffs and putative Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, but Defendant willfully failed to do so.

98.     As described above, Defendant enacted policies and practices that deprived Plaintiffs and putative Class Members compensation for all hours worked in excess of forty in a workweek.

99.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay overtime wages due under the CWCA, *see* COLO. REV. STAT. § 8-4-101 *et seq.*, as implemented by the COMPS Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

100.     Plaintiffs and putative Class Members further seek declaratory relief stating Defendant has violated and is in violation of COMPS Order No. 35 § 4.1.1 for failing to compensate Plaintiffs and putative Class Members for overtime work performed for the benefit of Defendant.

101.     As a result, Plaintiffs have been damaged in an amount to be determined at trial. Plaintiffs, on behalf of herself and the putative Class Members, hereby demand payment as contemplated by the CWCA and COMPS Order in an amount sufficient to reimburse Plaintiffs and putative Class Members for all unpaid overtime wages

102.     Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

<div align="center">

**THIRD CAUSE OF ACTION**
**Violations of Colorado Wage Claim Act, § 8-4-101,** *et seq*
**Failure to Pay Wages for All Hours Worked**
**(Brought on behalf of Plaintiffs and the putative Class Members)**

</div>

103.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

104.     Under COMPS Order No. 37 § 3, employers must pay employees all wages, including minimum wages for all time worked, to which they are entitled under the Colorado Constitution. If the employer fails to do so, COMPS Order No. 37 § 8.1(A) entitles employees to recover in a civil action the unpaid balance of the full amount of such unpaid wages, together with reasonable attorney fees and court costs.

105.     As described above, Defendant has enacted a policy and practice that forces Plaintiffs and putative Class Members to work "off the clock" to meet Defendant's quotas.

106.     Moreover, Defendant implemented a policy and practice whereby Plaintiffs and putative Class Members' allocated meal periods are skipped, subject to interruption, are "on-duty," or otherwise not continuous, and thus that is time worked. Plaintiffs and putative Class Members should be reimbursed for back wages for any unpaid time allocated for such meal periods during a work day.

107.     Such policies and practices deprive Plaintiffs and putative Class members compensation for all hours worked, including work performed during meal and rest breaks, and work duties performed before and after a scheduled shift. As a result, Defendant failed to pay Plaintiffs and putative Class members all regular, non-overtime wages due for uncompensated hours that did not exceed forty in a workweek.

108.     Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

<div align="center">

**FOURTH CAUSE OF ACTION**
**Violations of Colorado Rev. Stat. § 8-4-109**
**Failure to Pay All Wages Due Upon Separation of Employment**
**(Brought on behalf of Plaintiffs and the putative Class Members)**

</div>

109.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

110.     The CWCA, pursuant to Colorado Revised Statute § 8-4-109, requires that, "[w]hen an interruption in the employer-employee relationship occurs, the wages or compensation for labor or services earned, vested, determinable, and unpaid at the time of such discharge is due and payable immediately." *See* COLO. REV. STAT. § 8-4-109(1)(a).

111.     Colorado Revised Statute § 8-4-109 also states that, "if an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after the written demand is sent in the manner set forth in paragraph (d) of this subsection (3), the employer shall be liable to the employee for the wages or compensation, and a penalty of the sum of the following amounts of wages or compensation due or, if greater, the employee's average daily earnings for each day, not to exceed ten days, until such a payment or other settlement satisfactory to the employee is made: (I) One hundred twenty-five percent of that amount of such wages of compensation up to and including seven thousand five hundred dollars; and (II) Fifty percent of that amount of such wages or compensation that exceed seven thousand five hundred dollars." *Id*. § 8-4-109(3)(b). "If the employee can show that the employer's failure to pay is willful, the penalty required under paragraph (b) of this subsection (3) shall be increased by fifty percent." *Id*. § 8-4-109(3)(c).

112.     Pursuant to Colorado Revised Statute § 8-4-122, all actions brought pursuant to the CWCA shall be commenced within two years, except that all actions for willful violations may be commenced within three years of when such violations accrue. *See also*, COMPS Order No. 37 § 8.2.

113.     As described above, Defendant enacted policies and practices that deprived Plaintiffs and putative Class members compensation for all hours worked. As a result, Defendant failed to pay Plaintiffs and putative Class Members all wages due and owing after separation from employment in violation of Colorado Revised Statute § 8-4-109.

114.     In failing to pay all wages due upon separation from employment, Defendant acted as a free agent, determined its own actions, was not responsible to, nor coerced by any other person,

entity or authority. Defendant knew that it possessed information regarding hours worked and the amount of wages due to Plaintiffs and putative Class members at the date of separation. Defendant was capable of timely paying all wages earned and due.

115.    Defendant's failure to make payment of Plaintiffs and putative Class Members' final wages when due was willful and continuous.

116.    Plaintiffs and putative Class Members seek statutory wages and penalties pursuant to Colorado Revised Statute § 8-4-109; plus costs, disbursements and attorney fees.

117.    Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
### Violations of COMPS Order No. 37 § 5.1; 7 CCR 1103-1
### Meal Period Violations
### (Brought on behalf of Plaintiffs and the putative Class Members)

118.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

119.    COMPS Order No. 37 § 2.1 (*see* 7 CCR 1103-1) provides that the COMPS Order regulates wages, hours, working conditions, and procedures for *all* employers and employees for work performed within Colorado.[1]

120.    Pursuant to COMPS Order No. 37 § 5.1, employees who have worked at least five hours are entitled to a meal period of at least 30 continuous minutes during which the employee "must be completely relieved all duties and permitted to pursue personal activities." Moreover, when uninterrupted meal periods are impractical, employees are permitted "on-duty" meals while performing their duties. Employees shall be fully compensated for "on-duty" meal periods without any loss of time or compensation. *See also* 7 CCR 1103-1 § 5.1.

121.    Defendant implemented a policy and practice that failed to make bona fide meal periods available as required by law. Even if Plaintiffs and putative Class Members were able to take a meal period, they were still "on-duty" or subject to interruption, and often were interrupted during such meal periods.

---

[1] The exceptions and exemptions contained within § 2 do not reasonably apply here.

122.    Because Plaintiffs and putative Class Members' meal periods were skipped, subject to interruption, were "on-duty," or otherwise not continuous, Defendant's policy and practice of failing to make bona fide meal periods available is in violation of COMPS Order No. 37 § 5.1 (*see* 7 CCR 1103-1), and Plaintiffs and putative Class Members should be reimbursed for back wages for any unpaid time allocated for such meal periods during a work day.

123.    Plaintiffs and putative Class Members are also entitled to injunctive relief for Defendant's failure to provide bona fide meal periods and declaratory relief that Defendant's past and ongoing policies and practices violate Colorado meal period requirements.

124.    Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Violations of COMPS Order No. 37 § 5.2; 7 CCR 1103-1**
**Rest Period Violations**
**(Brought on behalf of Plaintiffs and the putative Class Members)**

125.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

126.    Pursuant to COMPS Order No. 37 § 5.2, every employer is required to provide each employee, for each segment of four hours of work, a compensated rest period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay. *See also* 7 CCR 1103-1 § 5.2.

127.    Plaintiffs and putative Class Members generally worked shifts lasting at least 8 hours. Accordingly, Plaintiffs and putative Class Members were entitled to two separate rest periods lasting 10 minutes each during which Plaintiffs and putative Class Members should have been compensated and relieved of all duties. *Id.* As discussed above, Plaintiffs and putative Class Members were and are subject to interruption and consistently denied requisite rest periods.

128.    Plaintiffs and putative Class Members are entitled to compensation for all missed rest periods in violation of the rest break requirements provided by Colorado law. *See Sanchez v. Front Range Transportation*, No. 17-cv-00579-RBJ, 2017 WL 4099896, at *4 (D. Colo. Sept. 15, 2017) ("[B]ecause she was (allegedly) denied reasonable rest periods [under Colorado

law], for which she would have been paid, she effectively provided the equivalent number of minutes of work to [defendant] without additional compensation."); *Lozoya v. AllPhase Landscape Construction, Inc.*, No. 12-cv-1048-JLK, 2015 WL 1757080, at *2 (D. Colo. Apr. 15, 2015).

129.     Plaintiffs and putative Class Members are also entitled to injunctive relief for Defendant's failure to provide bona fide rest periods and declaratory relief that Defendant's past and ongoing policies and practices violate Colorado rest period requirements.

130.     Wherefore Plaintiffs and putative Class Members request relief as hereinafter provided.

## **RELIEF SOUGHT**

131.     Plaintiffs and putative Collective and Class Members are entitled to recover their unpaid overtime wage compensation.

132.     Plaintiffs and putative Collective Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

133.     Plaintiffs and putative Collective Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

134.     Plaintiffs and putative Collective Members are entitled to declaratory relief stating Defendant's policies and practices as described herein are unlawful and in violation of the FLSA.

135.     Plaintiffs and putative Class Members are entitled to recover back wages for overtime pay at one-and-one-half times their regular rates of pay for missed or "on duty" meal periods or unpaid and off-the-clock work for each day worked during a workweek in which they worked more than 40 hours in a workweek.

136.     Plaintiffs and putative Class Members are entitled to recover back wages for missed or "on duty" meal periods deducted or unpaid and any off-the-clock work at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

137.    Plaintiffs and putative Class Members are entitled to recover back wages for rest break violations for 20 minutes at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

138.    Plaintiffs and putative Class Members are entitled to statutory penalty wages for Defendant's violations of Colorado Revised Statute § 8-4-109 (payment of wages upon termination of employment).

139.    Plaintiffs and putative Class Members are entitled to recover costs and a reasonable sum for attorney fees, pursuant to Colorado Revised Statute § 8-4-110.

140.    Plaintiffs and putative Class Member are entitled to injunctive relief for Defendant's failure to provide bona fide meal and rest periods.

141.    Plaintiffs and putative Class Members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful.

## PRAYER

142.    For these reasons, Plaintiffs, Class, and Collective Members respectfully request that judgment be entered in their favor awarding the following relief:

i.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all putative Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

ii.  An order preventing Defendant from retaliating in any way against Plaintiffs and any Collective or Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

iii. An order finding that Defendant violated the FLSA;

iv.  An order finding that Defendant violated the FLSA willfully;

v.   All unpaid wages due under the FLSA;

vi. An equal amount as liquidated damages as allowed under the FLSA;

vii. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

ix. An order finding that Defendant violated Colorado law;

x. All unpaid regular wages due under Colorado law to the extent same does not duplicate regular wages due under the FLSA;

xi. All unpaid overtime wages due under Colorado law to the extent same does not duplicate overtime wages due under the FLSA;

xii. All statutory penalty wages due under Colorado law;

xiii. All attorneys' fees, costs and disbursements as provided by Colorado law to the extent same does not duplicate fees due under the FLSA;

xiv. For an order awarding Plaintiffs, Class, and Collective Members pre- and post-judgment interest at the highest rates allowed by law;

xv. All injunctive and declaratory relief requested; and

xvi. Such other and further relief to which Plaintiffs, Class, and Collective Members may be entitled at law or in equity.

Dated: July 21, 2021                    Respectfully submitted,

/s/
Gregg I. Shavitz
Tamra Givens
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone:  (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Carolyn H. Cottrell
ccottrell@schneiderwallace.com
California Bar No. 166977
David C. Leimbach
dleimbach@schneiderwallace.com
California Bar No. 265409
Brett D. Watson
California Bar No. 327669
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

Paige T. Bennett (SBN 288009)
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026
paige.bennett@dtlawyers.com

*Attorneys for Plaintiffs, Class, and Collective
Members*

# Exhibit A

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Geico, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____

Signature

Christopher M. Szafran

_____

Print Name

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Geico, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Joey Boyle*

_____
Signature


Joey Boyle
_____
Print Name

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Geico, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Servando Villavicencio

_____
Print Name

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Geico, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature


Kashayla Unis
_____
Print Name