# EXHIBIT 1

# **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Christopher Szafran, Joseph Boyle, Servando Villavicencio, and Kashayla Unis ("Employees") and Government Employees Insurance Company ("Company") (Employees and Company are collectively the "Parties") with respect to the following facts:

A. On or about November 8, 2021, Employees filed a First Amended Complaint in United States District Court for the District of Colorado (Case No. 1:21-cv-01975) alleging: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay wages for all hours worked; (3) failure to pay minimum wage; (4) failure to pay overtime wages; (5) failure to pay all wages due upon separation of employment; and (6) failure to authorize, permit, and/or make available meal and rest periods.

B. The Parties now desire to settle on the terms set forth below.

THEREFORE, in consideration of the promises and mutual agreements hereinafter set forth, the Parties agree as follows:

1. <u>Payment to Employees</u>.

1.1 In consideration for the release of claims herein, and the other promises made in this Agreement, Company will pay the gross amount of Sixty Eight Thousand Dollars ($68,000.00) ("Settlement Amount"). **Exhibit A** attached hereto sets forth the allocations to Employees. Company will issue Employees two checks each. One for alleged unpaid wages, minus appropriate tax withholdings and deductions, for which Company will issue an IRS Form W-2. The other for liquidated damages for which Company will issue an IRS Form 1099. Company will issue another check made payable to "Shavitz Law Group, P.A." in the amount of Fifty Thousand Dollars ($50,000.00) for the separately negotiated payment of alleged attorneys' fees and costs incurred in connection with the lawsuit. Employees' Counsel will determine the division of fees among their firms.

1.2 Company shall pay the Settlement Amount within 15 days after all preconditions in Paragraph 1.3 are met. Company shall send all settlement checks to Shavitz Law Group, P.A., located at 951 Yamato Road, Suite 285, Boca Raton, FL 33431, attention Gregg Shavitz, Esq.

1.3 The following preconditions must have occurred before the Settlement Amount is due: (i) Employees properly execute this Agreement; (ii) the Court enters an order on the Parties' request to approve the settlement of the FLSA claims asserted by Employees; (iii) the lawsuit is dismissed with prejudice in its entirety; and (iv) Employees and Employees' Counsel submit the appropriate IRS W-9 Forms to Company's Counsel.

1.4 Payments made under this Agreement are not intended to and

will not (1) form the basis for additional contributions to, benefits under or any monetary benefits under; (2) count as earning or compensation with respect to; or (3) be considered or applied to for purposes of, Company's profit sharing, pension, and 401(k) plans, or any other fringe benefit or retirement programs.

2. <u>Dismissal</u>. After Employees execute this Agreement, the Parties will use best efforts and cooperate to obtain an order approving the settlement of the FLSA claims alleged in the lawsuit and dismissal of the entire lawsuit with prejudice.

3. <u>Warranty</u>. Other than this lawsuit, Employees warrant they have contacted no governmental agency for the purpose of initiating a claim against the Released Parties based on the Released Claims or reporting potential legal violations by the Released Parties based on the Released Claims. Employees also agree not initiate, join, or continue any lawsuit, administrative charges or complaints, arbitrations, or proceedings against the Released Parties based on the Released Claims. If Employees are made members or representatives of a class in any proceeding against the Released Parties based on the Released Claims, they agree to opt out of the class at the first opportunity. Employees also understand they have waived and released the right to seek and agree not to seek any further relief from the Released Parties for the Released Claims.

4. <u>Indemnification by Employees and No Representation Regarding Tax Issues</u>. Employees agree to fully indemnify and hold Company harmless from payment of any and all taxes, interest or penalties that may be required of Employees by any government agency at any time as a result of any payments under this Agreement. Employees acknowledge and agree that Employees have not received tax advice from Company or its counsel regarding the Settlement Amount. Employees agree to seek tax advice to the extent Employees so desire. Employees further acknowledge that neither Company nor its attorneys have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid pursuant to this Agreement.

5. <u>Release</u>.

5.1 Employees on behalf of themselves, their heirs, spouses, executors, administrators, attorneys, agents and assigns, fully and finally release and discharge the Company and its former and present parents, subsidiaries and affiliated corporations and entities, and all of its current and former officers, directors, members, managers, employees, consultants, partners, shareholders, joint ventures, agents, successors, assigns or legal representatives ("Released Parties"), from all claims, rights, demands, liabilities and causes of action of any nature or description arising from the facts pleaded in the operative complaint in the lawsuit, or as reasonably could have been pleaded, including any such claims that were litigated in the lawsuit against Company or could reasonably have been litigated in the lawsuit against Company. The claims released under this Paragraph ("Released Claims") shall include, but are not necessarily limited to, claims for unpaid wages, unpaid overtime wages, failure to timely pay all earned wages, untimely payment of wages, failure to

provide meal and rest periods, , failure to pay all wages owed upon termination, , as well as any and all damages, back-pay, liquidated damages, restitution, disgorgement, civil penalties, statutory penalties, taxes, interest or attorneys' fees resulting therefrom.

      5.2      Employees acknowledge that they may discover facts or law different from, or in addition to, the facts or law that they know or believe to be true with respect to the claims released in this Agreement and agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery of them.

      5.3      Employees declare and represent that they intend this Agreement to be complete and not subject to any claim of mistake, and that the release herein expresses a full and complete release of the claims in Paragraph 5.1, and Employees intend the release herein to be final and complete. Employees execute this release with the full knowledge that this release covers all possible claims against Company as set forth in Paragraph 5.1 to the fullest extent permitted by law, except for those claims addressed in Paragraph 5.4.

      5.4      This Release is not intended to bar any claims that, by law, may not be waived, such as claims for workers' compensation benefits, and unemployment insurance benefits. This Release does not prevent Employees from contacting, providing information to, or filing a charge with any federal, state or local government agency or commission, including but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Securities and Exchange Commission ("SEC") or the National Labor Relations Board ("NLRB"). Employees are prevented, however, to the maximum extent permitted by law, from obtaining any monetary or other personal relief for any of the claims Employees have released in this Paragraph 5 and its subparts with regard to any charge or claim Employees may file or which may be filed or otherwise brought on Employees' behalf. Nothing in this Agreement is intended to or shall be interpreted: (i) to restrict or otherwise interfere with Employees' obligation to testify truthfully in any forum; or (ii) to restrict or otherwise interfere with Employees' right and/or obligation to contact, cooperate with, provide information to, or participate in any investigation conducted by, any government agency or commission (including but not limited to the EEOC, SEC or NLRB).

      6.    <u>Nondisparagement</u>. Employees agree that they will not make any voluntary statement, written or oral, or cause or encourage others to make any such statements that defame the business reputation, practices or conduct of the Released Parties. Company will follow its policies and practices in refraining from making any disparaging statements about Employees.

      7.    <u>No Admissions</u>. By entering into this Agreement, Company makes no admission that it has engaged, or is now engaging, in any unlawful conduct. The Parties understand and acknowledge that this Agreement is not an admission of liability and shall not be used or construed as such in any legal or administrative proceeding.

8. <u>Applicable Law</u>. The validity, interpretation and performance of this Agreement shall be construed and interpreted according to the laws of the State of Colorado.

9. <u>Successors and Assigns</u>. This Agreement is binding on Employees' heirs, family members, executors, agents and assigns.

10. <u>Counterparts</u>. This Agreement may be signed in counterparts and shall be treated as though signed as one document.

11. <u>Entire Agreement; Modification</u>. This Agreement is intended to be the entire agreement between the Parties. This Agreement may be amended only by a written instrument executed by all Parties.

12. <u>Attorneys' Fee and Costs.</u> Except as provided for herein, the Parties agree that each party shall pay for its own attorneys' fees and expenses related to all claims and issues in this matter. In the event of any dispute, controversy, claim, or action arising out of or related to this Agreement, the prevailing Party shall be entitled to recover her/its reasonable attorneys' fees and costs incurred in connection with the dispute, controversy, claim, or action.

THE PARTIES TO THIS AGREEMENT HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND EACH AND EVERY PROVISION CONTAINED HEREIN. WHEREFORE, THE PARTIES HAVE EXECUTED THIS AGREEMENT ON THE DATES SHOWN BELOW.

*[Signatures on next page]*

4

Dated: __March 21__, 2022 By: _____
                Christopher Szafran

Dated: _____, 2022 By: _____
                Kashayla Unis

Dated: _____, 2022 By: _____
                Servando Villavicencio

Dated: _____, 2022 By: _____
                Joseph Boyle

<u>Government Employees Insurance Company</u>

Dated: __4/1/2022__, 2022 By: __William Robinson__ (DocuSigned, B68AFF6264A54DD...)
                Authorized Representative

5

Dated: _____, 2022      By: _____
                                      Christopher Szafran

Dated: __March 21_____, 2022     By: _/s/ K. Unis_____
                                      Kashayla Unis

Dated: _____, 2022      By: _____
                                      Servando Villavicencio

Dated: _____, 2022      By: _____
                                      Joseph Boyle

                                  Government Employees Insurance Company

Dated: __4/1/2022_____, 2022     By: _/s/ William Robinson_____
                                      B68AFF6264A54DD...
                                      Authorized
                                      Representative

5

Dated: _____, 2022     By: _____
                                               Christopher Szafran

Dated: _____, 2022     By: _____
                                               Kashayla Unis

Dated: 03/22/2022, 2022     By: *[signature]*
                                               Servando Villavicencio

Dated: _____, 2022     By: _____
                                               Joseph Boyle

<u>Government Employees Insurance Company</u>

Dated: 4/1/2022, 2022     By: *DocuSigned by: William Robinson (B68AFF6264A54DD...)*
                                               Authorized Representative

Dated: _____, 2022     By: _____
                                       Christopher Szafran

Dated: _____, 2022     By: _____
                                       Kashayla Unis

Dated: _____, 2022     By: _____
                                       Servando Villavicencio

Dated: __3-22_____, 2022    By: _*Joseph Boyle*_____
                                       Joseph Boyle

                                 Government Employees Insurance Company

Dated: __4/1/2022_____, 2022    By: _*William Robinson*_____
                                       (DocuSigned by: B68AFF6264A54DD...)
                                       Authorized Representative

5

## EXHIBIT A

| Name | W-2 Check | 1099 Check |
|---|---|---|
| Christopher Szafran | $ 4,000.00 | $ 4,000.00 |
| Kashayla Unis | $ 500.00 | $ 500.00 |
| Joseph Boyle | $ 2,000.00 | $ 2,000.00 |
| Servando Villavicencio | $ 2,500.00 | $ 2,500.00 |